UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TORRY P.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No: 1:19-CV-573

Bowman, M.J.

**ORDER**

This civil action is now before the Court on Plaintiff's motion for attorney's fees. (Doc. 28). Defendant does not object to Plaintiff's motion. (Doc. 29). The parties have consented to disposition of this matter by the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc.5). Upon careful consideration, the undersigned finds the motion to be well-taken.

**I.    Background**

Through counsel, Plaintiff filed this judicial appeal of the Commissioner's denial of his application for disability insurance benefits ("DIB"). On November 30, 2021, this Court granted the parties' joint motion to reverse and remand for further review under sentence four of the Social Security Act. (*See* Docs. 22, 23). On December 28, 2021, the Court granted the parties' joint stipulation/motion for attorney's fees and expenses under the Equal Access for Justice Act ("EAJA"). (Docs. 25, 26). On January 28, 2023, the Social Security Administration issued a Notice of Award. On February 13, 2023, Plaintiff's counsel filed a motion seeking an additional fee award under the provisions of the Social Security Act, 42 U.S.C. §406(b). On March 7, 2023, the Commissioner filed a response

stating that the Commissioner does not oppose the additional fee award. (Doc. 29).

## II. Analysis

Unlike the previously awarded EAJA fee award, fees under the provisions of the Social Security Act are paid from Plaintiff's past-due benefits award. Courts therefore have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)). In this case, 25% of the past due benefits award yields a maximum fee of $ 33,562.00. Counsel acknowledges receipt of a prior EAJA fee award in the amount of $ 7,020.00 for the work performed in this Court, which will be applied as an offset against the fee sought under 42 U.S.C. § 406(b).[1] Thus, although 25% of Plaintiff's past-due benefits to apply toward an attorney fee is $ 33,562.00, the total *gross* fee sought by counsel in the pending motion is only $ 25,200.00. When the EAJA payment is included, counsel seeks a *net* additional fee award of $ 18,180.00 ($ 25,200.00 - $ 7,020.00 = $ 18,180.00).

### A. The Timeliness of Counsel's Motion

Motions for attorney's fees under the Social Security Act must be filed in a timely manner. For § 406(b) awards, the motion must be filed within forty-five days of the Notice of Award. *See* Local Rule 54.2(b). Here, the motion for fees is timely on its face, insofar as the Notice of Award is dated January 28, 2023, and the motion for fees was filed on February 13, 2023, sixteen days later.

---

[1] If the EAJA award were not subtracted as an offset, counsel would be required to refund the prior EAJA fee to the client in order to avoid a double-recovery for the same work.

**B. The Reasonableness of Counsel's Fee**

In *Ringel*, this Court meticulously set forth the "guideposts" most frequently used to determine whether a fee up to the statutory maximum avoids a windfall and is "reasonable," including: (1) the *Hayes* test;[2] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors. In accord with the *Ringel* guideposts, the undersigned first calculates the hypothetical hourly fee in order to assess it under the Sixth Circuit's longstanding *Hayes* test.

Counsel expended 36 hours on work performed in this Court in the above-captioned case. The proposed total gross fee award for that work ($ 25,200.00) divided by the number of hours expended yields a hypothetical hourly fee of $ 700.00. A fee is "per se reasonable" under *Hayes* if it is less than twice the attorney's hourly rate. *Hayes*, 923 F.2d at 422. By allowing Social Security attorneys to claim double their hourly rate, it ensures that those who win half their cases receive the standard rate when averaged across all their cases. *Id.* Furthermore, this court has recently granted a similar motion for attorney's fees at almost two-and-a-half times the hourly rate of $350.00 and found that this passed the windfall test. *Martha G. v. Commr. of Soc. Sec.*, 1:19-CV-936, 2023 WL 2885887, at *4 (S.D. Ohio Apr. 11, 2023). Where there is no objection and the proposed award is reasonable under the *Hayes* test, "the windfall analysis is complete." *Ringel*, 295 F. Supp.3d at 829.

Plaintiff's counsel represents that his hourly rate is $350.00 per hour, based on

---

[2] *See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).

3

"over 40 years of practice in the downtown Cincinnati area." (Doc. 28 at 3, PageID 1053). In support of that rate, he has filed a copy of an affidavit apparently signed and notarized more than 13 years ago[3] in which he states that his "hourly rate for work done of [sic] Social Security/SSI cases is $350.00 per hour based on my background and experience and the office location in the downtown Cincinnati, Ohio area." (Doc. 28 at 16, ¶7, PageID 1066). Plaintiff supports his asserted rate with two excerpted tables from a 2019 Ohio State Bar Association survey entitled "The Economics of Law Practice in Ohio in 2019."

Counsel's asserted hourly rate and use of the OSBA survey data are persuasive on the whole. On the one hand, virtually all social security cases are taken on a contingent fee basis, meaning that few practitioners – if any – charge their social security clients a true "hourly rate." And the OSBA survey data offers only general information and may not be entirely accurate due to skewed and/or abnormally small sample sizes.[4] On the other hand, consistent with the 2009 affidavit, Plaintiff's counsel has represented to this Court for more than a decade that his usual rate is $350.00 per hour for representing social security claimants. *See e.g.*, *Beckstedt v. Comm'r of Soc. Sec.*, Case No. 1:13-cv-261-MRB-KLL, 2016 WL 554590, at *3 (S.D. Ohio, Feb. 10, 2016) (time sheets submitted from 2013, asserting hourly rate of $350.00); *Willis v. Comm'r of Soc. Sec.*, Case No. 1:10-cv-594, 2013 WL 4240835, at *5 n.3 (S.D. Ohio Aug. 14, 2013) (claiming $350.00 per hour for time billed in 2010-11 based upon then-37 years of practice). In addition, this Court has approved similar fee petitions submitted by the same counsel resulting in fee awards

---

[3]The affidavit was filed with counsel's motion on February 13, 2023, but reflects that it was "[s]igned and sworn to this 2nd day of October, 2009." (Doc. 28 at 16, PageID 1066).
[4]For example, based upon a sample size of just 4 responding practitioners throughout the state, the OSBA survey states that social security practitioners have a median billing rate of $363 per hour. But such "hourly rates" are not fully consistent with the prevailing contingent fee structure, in which virtually all clients are charged nothing at all unless and until some measure of victory is achieved.

4

under § 406(b) ranging from less than $200 per hour to a $600-$700 hourly range.

Counsel's current motion is "per se reasonable" because he does not seek more than twice his usual hourly rate under *Hayes.* Based upon the well-supported motion and record presented, the undersigned finds that counsel is entitled to receive the full award he seeks, less an offset in the amount of the previously received EAJA award. *See generally, Patsy G. v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-684-KLL, 2023 WL 1778515, at *2 (S.D. Ohio Feb. 6, 2023) (approving same counsel's hypothetical hourly rate of $454.50); *Robin A. v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-555-MWM-KLL, 2022 WL 12929999, at *2 (S.D. Ohio, Oct. 22, 2022) (hypothetical hourly rate of $414.88). *Maureen R. v. Comm'r of Soc. Sec.*, Case No. 1:18-cv-09-TSB-KLL (S.D. Ohio April 27, 2022) (hypothetical rate of $750 per hour); *Decorrevont v. Comm'r of Soc. Sec.*, Case No. 1:17-cv-683, 2021 WL 2401185 (S.D. Ohio June 10, 2021) (hypothetical rate of $650 per hour); *Inskeep v. Comm'r of Soc. Sec.*, Case No. 1:18-cv-904-KLL, 2020 WL 6146391 (S.D. Ohio Oct. 20, 2020) (hypothetical rate of $283.58); *Shaw v. Comm'r*, Case No. 1:16-cv-1133-MRB-KLL, 2019 WL 5550575 S.D. Ohio Oct. 28, 2019) (hypothetical hourly rate of $700 per hour); *Norris v. Comm'r*, Case No. 1:17-cv-0587-KLL, 2019 WL 5456807 (S.D. Ohio Oct. 24, 2019) (same); *Bruce v. Comm'r*, Case No. 1:16-cv-758-TSB-KLL, 2019 WL 4126471, at *2 (S.D. Ohio, Aug. 30, 2019) (same).

### III. Conclusion

In light of the foregoing, **IT IS ORDERED THAT** Plaintiff's motion for an award of attorney's fees (Doc. 28) is **GRANTED IN FULL**, with counsel to be awarded a total net fee of **$ 18,180.00** under 42 U.S.C. § 406(b).

                *s/ Stephanie K. Bowman*
                Stephanie K. Bowman
                United States Magistrate Judge